UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOCELYN D. ROBINSON, )
 )
    Plaintiff(s), )
 )
vs. ) Case No. 4:19-cv-02904-SRC
 )
LARNELL OWENS, )
 )
    Defendant(s). )

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Jocelyn Robinson's Motion to Remand this matter to the Circuit Court of St. Louis County, Missouri [6]. Defendant opposes the motion. For the reasons set forth below, the Court denies the Motion to Remand.

**I.    BACKGROUND**

On October 21, 2019, Plaintiff, an employee of the United States Postal Service ("USPS"), filed a "Petition for Order of Protection – Adult" in the Circuit Court of St. Louis County, Missouri against Defendant Larnell Owens. Owens is Plaintiff's supervisor at USPS. Doc. 2 at pg. 1. Plaintiff alleges that on October 16, 2019, Owens "harassed" her in the workplace by following her, threatening her, and "enticing [her] to fight." Doc. 2 at pg. 3. On October 25, 2019, Owens filed a timely Notice of Removal of the case to this Court, pursuant to 28 U.S.C. 1446(a). Doc. 1. On November 14, 2019, Plaintiff filed the present Motion to Remand.

**II.    STANDARD**

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). Title 28 U.S.C. §

1442(a)(1), in relevant part, allows removal to a federal forum of any civil action against "any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). Section 1442(a)(1) "grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction." *Jacks v. Meridian Res. Co.*, 701 F.3d 1224, 1230 (8th Cir. 2012).

"The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). The federal court must remand the case to state court if it appears the federal court lacks subject matter jurisdiction. *Id.*; 28 U.S.C. § 1447(c). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

## III. DISCUSSION

Owens cites 28 U.S.C. § 1442(a)(1), the federal officer removal provision, as the basis for removal here. As noted above, § 1442 allows for removal of any civil or criminal action against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1). "Four elements are required for removal under § 1442(a)(1): (1) a defendant has acted under the direction of a federal officer; (2) there was a causal connection between the defendant's actions and the official authority; (3) the defendant has a colorable federal defense to the plaintiff's claims; and (4) the defendant is a 'person,' within the meaning of the statute." *Jacks*, 701 F.3d at 1230 (citing *Dahl v. R.J Reynolds Tobacco Co.*, 478 F.3d 965, 967 n.2 (8th Cir. 2007)).

For purposes of this removal provision, an act is considered "under the color of office" if the defendant can show a "causal connection between the charged conduct and asserted official authority." *Willingham v. Morgan*, 395 U.S. 402, 409 (1969) (internal quotation omitted). "While not limitless, '[t]he words acting under are broad,' and the Supreme Court 'has made clear that the statute must be liberally construed.'" *Jacks*, 701 F.3d at 1230 (quoting *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 147 (2007) (internal quotation omitted)). Raising a "plausible" federal defense satisfies the third element. *United States v. Todd*, 245 F.3d 691, 693 (8th Cir.2001) (citing *Willingham*, 395 U.S. at 406–07) ("it need only be plausible; § 1442(a)(1) does not require a court to hold that a defense will be successful before removal is appropriate"). A suit against a natural person satisfies the fourth element. *C.H. v. American Red Cross*, 684 F.Supp. 1018, 1023 (E.D. Mo. 1987).

Applying these factors, the Court first notes that the first, second and fourth elements are satisfied here. Owens is a natural person and an employee of the USPS, which is in turn "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. As a supervisor for the USPS, Owens is, or acts under the direction of, a federal official or officer of the United States. *See Dolan v. United States Postal Serv.*, 546 U.S. 481 (2006); *see also Young v. Frame*, No. 4:19CV16 RLW, 2019 WL 2437444, at *2 (E.D. Mo. June 11, 2019). In addition, Plaintiff's allegations relate solely to acts occurring in the workplace. Therefore, they concern acts taken by Owens under the "color of such office" and have a causal connection to his exercise of official authority. *Willingham*, 395 U.S. at 409.

With respect to the requirement that the removing party raise a colorable federal defense, Owens has raised the defense of sovereign immunity in his Notice of Removal. Doc. 1 at ¶ 6. In considering whether a "colorable federal defense" has been raised, courts "do not require that the

3

federal officer virtually 'win his case before he can have it removed.'" *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *see also Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 400 (5th Cir. 1998) ("the defendants need not prove the asserted defense, but need only articulate its 'colorable' applicability to the plaintiff's claims"). Here, Owens raises a plausible defense of sovereign immunity given that absent a waiver, "the Postal Service enjoys the protection of federal sovereign immunity." *Dolan*, 546 U.S. at 484; *see also Charges of Unprofessional Conduct Against 99-37 v. Stuart*, 249 F.3d 821, 824-25 (8th Cir. 2001), (upholding the propriety of removal where the defendant raised sovereign immunity as a federal defense); *Young*, 2019 WL 2437444, at *3 (finding that defendant's notice of removal asserting sovereign immunity as a federal defense supported federal officer removal). The Court finds that Owens raises a colorable federal defense.

The Court concludes that the prerequisites for application of the federal officer removal provision are present here. Therefore, Owens properly removed the action to this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [6] is DENIED. So Ordered this 23rd day of January, 2020.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**