## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JOCELYN ROBINSON, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:19-cv-02904-SRC |
| LARNELL OWENS, | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on [11] Defendant Larnell Owens's Amended Motion to Dismiss for lack of subject matter jurisdiction. The Court grants the Motion.

**I.    BACKGROUND**

Plaintiff Jocelyn Robinson works for the United States Postal Service. Proceeding *pro se*, Robinson filed this case in state court seeking an *ex parte* order of protection against her supervisor, Owens. Doc. 2. Robinson claims Owens subjects her to various assaults and other inappropriate workplace behavior, and seeks an injunction but not damages. The injunction Robinson seeks would prevent Owens from approaching or communicating with Robinson at the Postal Service.

Owens timely removed the case to federal court pursuant to 28 U.S.C. § 1442. *See* Doc. 13. Owens filed the present Amended Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Doc. 11. Owens argues, among others, that he has sovereign immunity from suit.

Robinson did not file a brief in opposition to Owens's Motion. On January 23, 2020, the Court ordered Robinson to show cause, in writing, on or before February 21, 2020 why this

1

Court should not grant the present Motion. Doc. 14. Robinson did not file anything in response to the Order to Show Cause.

**II. DISCUSSION**

The purpose of a Rule 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as "judicial economy demands that the issue be decided at the outset rather than deferring it until trial." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). "In order to properly dismiss [an action] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

Owens asserts that the Court lacks subject matter jurisdiction because he is entitled to sovereign immunity. The Court construes this as a facial attack on Robinson's complaint. "A facial attack challenges subject matter jurisdiction based on the allegations in the complaint and in deciding the motion, the Court presumes all of the factual allegations in the complaint are true." *Gaylor v. GS Brentwood LLC*, No. 4:11-CV-506 CAS, 2011 WL 5079588, at *1 (E.D. Mo. Oct. 25, 2011) (citing *Titus*, 4 F.3d at 593 & n.1).

The United States government and its officers acting in their official capacities enjoy sovereign immunity unless immunity is expressly waived.[1] *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). On these facts, "[t]here are two possible sources of waiver: The Federal Tort Claims Act ("FTCA"), 62 Stat. 982 (1948), codified at 28 U.S.C. §§ 1346(b), 2671–2680, and the Postal Reorganization Act of 1970 ("PRA"), Pub. L. 91–375, 84 Stat. 722, codified at 39 U.S.C. § 101 et seq." *Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014). "[T]he FTCA applies only to suits for money

---

[1] Robinson's form petition is silent with respect to the capacity in which she sues Owens and, thus, the Court must assume that she sues Owens in his official capacity. *Remington v. Hoopes*, 611 F. App'x 883, 885 (8th Cir. 2015).

2

damages, and thus does not operate as a waiver of immunity for a suit seeking injunctive relief."
*Cubb v. Belton*, No. 4:15-CV-676-JMB, 2015 WL 4079077, at *5 (E.D. Mo. July 6, 2015), at *5
(citing *Hendy*, 555 F. App'x at 226). Here, Robinson seeks only injunctive relief and not
monetary damages, so the waiver of sovereign immunity under the FTCA does not apply.

The PRA allows the Postal Service "to sue and be sued in its official name." 39 U.S.C. §
401(1). However, the Postal Service does not waive sovereign immunity "(1) for types of suits
that are 'not consistent with the statutory or constitutional scheme'; (2) when 'necessary to avoid
grave interference with the performance of a governmental function'; or (3) for other reasons that
demonstrate congressional intent to apply the 'sue and be sued' clause narrowly." *Hendy*, 555 F.
App'x at 226 (quoting *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). Owens asserts that
Robinson's petition should be dismissed because Owens has no personal or domestic relationship
with Robinson, as all contact between them takes place at the Jennings Post Office within the
employer/employee relationship. Owens contends that Robinson seeks to prevent Owens from
approaching or communicating with Robinson at work, thus preventing Owens from performing
his official duties as a USPS supervisor. The Court agrees with other courts in this district that
have found no waiver of immunity under the PRA "because allowing a state-law injunction to
prevent a federal employee from coming to work 'is inconsistent with the principle of federal
supremacy' and 'would disturb the federal agency's internal functions.'" *Cubb*, 2015 WL
4079077, at *5 (quoting *Hendy*, 555 F. App'x at 226); *see also Haynie v. Bredenkamp*, No. 4:16-
CV-773-CEJ, 2016 WL 3653957, at *2 (E.D. Mo. July 8, 2016) (finding sovereign immunity not
waived where plaintiff's *ex parte* Adult Abuse/Stalking petition would prohibit a supervisor from
coming to plaintiff's federal workplace and thus interfere with the performance of a

governmental function).  Thus, sovereign immunity bars Robinson's claims, and the Court lacks subject matter jurisdiction and grants Owens's Motion to Dismiss.  *Hendy*, 555 F. App'x at 227.

DATED:   March 31, 2020.

*[signature: SL R. CR]*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**